UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ISAIAH JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 14-cv-1106-JES |
| RANDY PFISTER, et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER AND OPINION

The matter now before the Court on the Defendants, ANDEREW TILDEN, M.D., DIANE POUK, and WEXFORD HEALTH SOURCES, INC.'s Motion [66] for Summary Judgment. Co-Defendant Joe Nemergut has joined this Motion. Plaintiff has filed a Response [69] and Defendants have filed a Reply [72]. For the reasons set forth below, Defendants' Motion [66] is GRANTED.

### Background

Plaintiff Isaiah Johnson is an inmate incarcerated at Pontiac Correctional Center. On March 25, 2014, Plaintiff filed a *pro se* Complaint alleging that his constitutional rights had been violated by Defendants Andrew Tilden, Diane Pouk, and Wexford Health Sources, Inc. ("Wexford"). In a merit review, this Court issued an Order [9] finding that Plaintiff's Complaint sufficiently stated one cause of action against the Defendants for deliberate indifference to serious medical needs.

Plaintiff alleges that the Defendants were deliberately indifferent in the treatment of his inguinal hernia.[1] Plaintiff first noted the hernia on May 7, 2013. He complained to health care personnel on June 12, 2013, and was seen by Dr. Ojelade the following day. Dr. Ojelade found no signs of a hernia and did not prescribe any medication or treatment. Plaintiff next complained of a hernia in September of 2013. On September 15, 2013, he was seen by Dr. Tilden who performed an examination and found no signs of a hernia. He advised Plaintiff to return to the clinic as needed when the hernia was present.

Plaintiff saw Dr. Tilden again on February 14, 2014. At that time, Dr. Tilden was not able to discern a hernia but prescribed Fiberlax to help with constipation. On October 30, Plaintiff was seen by Physician's Assistant James Caruso for complaints of an inguinal hernia on Plaintiff's left side. Caruso noted that that the left-sided hernia was easily reduced.[2] Caruso determined that no further treatment was needed, and Plaintiff did not need to return to the clinic. Dr. Tilden states that "[t]hroughout [his] examinations of Mr. Johnson, [he] never saw any indication that Plaintiff was suffering from an inguinal hernia." Doc. 66, at 6.

Plaintiff alleges that "Diane Pouk was deliberately indifferent to Plaintiff [sic] serious medical needs because she was aware of Plaintiff's consistent complaining of pain." Doc. 69, at 2. Plaintiff states that he wrote Defendant Diane Pouk letters about his pain which she ignored. Defendant Pouk never physically examined Plaintiff or provided him with medical care.

Plaintiff alleges that he was injured due to a written Wexford policy to undertreat hernias. Private corporations such as Wexford may have liability under § 1983 when performing

---

[1] An inguinal hernia occurs when tissue, such as part of the intestine, protrudes through a weak spot in the abdominal muscles. The resulting bulge can be painful, especially when coughing, bending over or lifting a heavy object. See http://www.mayoclinic.org/diseases-conditions/inguinal-hernia/home/ovc-20206354

[2] Reducible hernias can be gently pushed back into the abdomen. If the hernia cannot be pushed in, the contents of the hernia can be trapped (incarcerated) in the abdominal wall. An incarcerated hernia can become strangulated, which cuts off the blood flow to the tissue that is trapped. A strangulated hernia can be life-threatening if not treated. See http://www.mayoclinic.org/diseases-conditions/inguinal-hernia/home/ovc-20206354

2

governmental functions. *Iskander v. Village of Forest Park,* 690 F.2d 126, 128 (7th Cir. 1982). Plaintiff cites the Wexford policy which provides, "[r]educible hernias, in which the herniated contents may be returned to the abdominal cavity either spontaneously or manually, generally pose no medical risk to the patient." Doc. 69, at 13. Wexford's Medical Policies and Procedures also state, "[p]atients with stable abdominal wall hernias are not, in general, candidates for herniorrhaphy and will be monitored and treated with appropriate non-surgical therapy." Doc. 69, at 14. Plaintiff asserts that Wexford has adopted this policy as a cost savings measure.

## Legal Standard

*I. Summary Judgment*

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see *Ruiz-Rivera v. Moyer*, 70 F.3d 498, 500-01 (7th Cir. 1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotext Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Garcia v. Volvo Europa Truck, N.V.*, 112 F.3d 291, 294 (7th Cir. 1997). "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additivies Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish

that there is a genuine triable issue; he "must do more than simply show that there is some metaphysical doubt as to the material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 818 (7th Cir. 1999). Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 250.

*II. Deliberate Indifference to Serious Medical Needs*

Title 42, Section 1983 of the United States Code provides a federal cause of action for the deprivation, under color of state law, of the rights, privileges, or immunities secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. To establish an Eighth Amendment violation by a prison official for failure to provide adequate medical care, a prisoner "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976). Plaintiff must show that he suffered from a serious medical need and that the Defendants were deliberately indifferent to that need. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000); *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008).

Deliberate indifference is a high standard requiring the Plaintiff to prove both that a Defendant was aware of facts from which a substantial risk of serious harm could be inferred and that Defendant actually drew the inference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Hayes*, 546 F.3d at 522. "[I]t is important to emphasize that medical malpractice, negligence, or even gross negligence does not equate to deliberate indifference." *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006).

**Analysis**

In their Motion for Summary Judgment, Defendants argue that they are entitled to judgment as a matter of law because Plaintiff's hernia is not a serious medical need, Defendants were not deliberately indifferent to Plaintiff's medical needs, Defendant Pouk was not personally involved in the alleged constitutional violation, Wexford has no unconstitutional policy that could form a basis for liability under *Monell*, and the Defendants are entitled to qualified immunity.

To prevail on his claim, Plaintiff must establish the existence of an objectively serious medical condition and deliberate indifference by prison officials to that condition. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). The Eighth Amendment does not mandate that prisoners be provided with the best treatment available, or the treatment of their choosing. *Anderson v. Romero*, 72 F.3d 518, 524 (7th Cir. 1995). "[A] mere disagreement with the course of the inmate's medical treatment does not constitute an Eighth Amendment claim of deliberate indifference." *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).

The Seventh Circuit has held that a hernia can be considered a serious medical condition under certain circumstances. *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011); *Johnson v. Doughty*, 433 F.3d 1001, 1010, 1012–14 (7th Cir. 2006); *Heard v. Sheahan*, 253 F.3d 316, 317–18 (7th Cir. 2001). In *Gonzalez*, the prisoner "had been suffering from his hernia for almost seven years, and during the last two of those years his hernia continued to worsen, was constantly protruding, and was causing extreme pain." *Gonzalez*, 663 F.3d at 314. In *Heard*, the prisoner's hernia was very prominent and caused constant pain as well as numbness in his thigh. *Heard*, 253 F.3d at 317. A doctor diagnosed the prisoner with a ruptured hernia and recommended surgery which the prison refused to allow. In *Johnson*, the court found that some

hernias can be serious medical needs which require surgery and others are not depending on whether the hernia is reducible or strangulated, as well as the level of pain the hernia causes.

This Court finds that Plaintiff's reducible hernia is not an objectively serious medical need. Multiple medical professionals examined Plaintiff and did not find any signs of a hernia. Physician's Assistant James Caruso was the only medical professional who actually observed the hernia. Mr. Caruso's notes, however, reveal that the hernia was easily reducible and did not require surgery. Plaintiff, himself, has provided Defendant Caruso's note in which Plaintiff is recorded as complaining that the hernia never presented at the times he was seen by medical staff. Doc. 69, at 37.

Plaintiff admits that he does not believe his hernia is strangulated. Plaintiff states multiple times in his Response that his hernia causes him severe pain. However, he refused to sign his money voucher forms to go to sick call on several occasions. Ex. D, 60:5-61:11. Medical records show that Plaintiff saw a psychiatrist multiple times and had been to sick call before, so clearly he knows how to be seen by a medical professional when he wants to. Plaintiff refused visits with the psychiatrist multiple times, and when he did attend psychiatric meetings, the psychiatrist's notes do not indicate that Plaintiff complained about pain from a hernia. Although some hernias do present an objectively serious medical need, this Court finds that Plaintiff's hernia was not objectively serious.

Even if Plaintiff's hernia was considered to be an objectively serious medical need, the Defendants were not deliberately indifferent to it. Defendant Dr. Tilden examined Plaintiff multiple times and found no signs of a hernia. Because he did not detect a hernia, he did not prescribe any treatment for a hernia. Dr. Tilden did attempt to treat Plaintiff's constipation by prescribing Fiberlax. He also told Plaintiff to avoid certain exercises and to return to the clinic as

needed when his hernia was present. The one medical professional who did detect a hernia did not find that any treatment was necessary. Though Plaintiff disagreed with Dr. Tilden's diagnosis and treatment plan, he has failed to state a valid cause of action for deliberate indifference to a serious medical need. Even if Plaintiff was correct, and Defendant Dr. Tilden made some error in judgment, "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997) (prison physician was not deliberately indifferent despite delays in treatment of an infected cyst). The required showing for deliberate indifference is "something approaching a total unconcern for [the prisoner's] welfare in the face of serious risks." *Collins v. Seeman*, 462 F.3d 757, 762 (7th Cir. 2006), quoting *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). Defendant Tilden examined Plaintiff multiple times, told him to avoid certain exercises, gave him Fiberlax, and told him to return to the clinic as needed. These actions show a concern for Plaintiff's welfare.

Defendant Pouk was not deliberately indifferent to Plaintiff's medical needs as she never examined or treated Plaintiff in any way and did not participate in the alleged constitutional violation. *See Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have 'caused or participated in a constitutional deprivation.'"). "Simply receiving correspondence from a prisoner about a medical problem doesn't make a prison official liable for the failure to provide medical care under the Eighth Amendment." *Norington v. Daniels*, No. 11- 282, 2011 WL 5101943, at *2–3 (N.D. Ind. Oct. 25, 2011).

Plaintiff also fails to establish as a triable issue of fact that Wexford had an unconstitutional policy which caused him injury. To state a *Monell* claim, Plaintiff must plead factual content that, if true, would allow the Court to draw a reasonable inference that (1)

7

Plaintiff suffered a constitutional deprivation, and (2) an official custom, policy, or practice of Wexford caused the deprivation. *See McCauley v. City of Chicago*, 271 F.3d 611, 616 (7th Cir. 2011). Plaintiff cites a written Wexford policy which provides, "[p]atients with stable abdominal wall hernias are not, in general, candidates for herniorrhaphy and will be monitored and treated with appropriate non-surgical therapy." Doc. 69, at 14. This Court finds that this policy does not deprive Plaintiff of any constitutional right. Although Plaintiff disagrees with the policy, he has no constitutional right to a surgery that multiple medical professionals deemed unnecessary for his injury. Plaintiff also claims that "Defendant Wexford Health Sources has an unwritten policy where it directs its staff and employees to give the prisoners the least amount of available health care as possible." Doc. 69, at 9. Plaintiff states that Wexford has this policy in order to save costs. Doc. 69, at 11. Even if the court accepts these allegations as true, Plaintiff still could not state a *Monell* claim since he suffered no constitutional deprivation.

## Conclusion

For the reasons stated above, Defendants ANDREW TILDEN, M.D., DIANA POUK, WEXFORD HEALTH SOURCES, INC., and JOE NEMERGUT's Motion [66] for Summary Judgment is GRANTED.

This matter is now terminated.

Signed on this 17th day of July, 2017.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge